UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br>Plaintiff, <br><br>v. <br><br>JOSE MARTINEZ, <br><br>Defendant. <br>_____/ | No. C-09-4711 JSW (EMC) <br><br>**ORDER RE SUPPLEMENTAL BRIEFING AND/OR EVIDENCE** |

Plaintiff J&J Sports Productions, Inc. ("J&J") has filed suit against Defendant Jose Martinez, alleging that the latter violated both federal and state law by intercepting and exhibiting a particular television program to which J&J was granted exclusive distribution rights. After Mr. Martinez failed to respond to the complaint in a timely fashion, his default was entered, and J&J moved for a default judgment. Although J&J's complaint asserted various causes of action, it moved for a default judgment on only two of the claims – *i.e.*, the claim for a violation of 47 U.S.C. § 605 and the claim for conversion. The assigned judge referred J&J's motion for default judgment to the undersigned for a report and recommendation.

Having considered the papers filed by J&J, the Court hereby orders that J&J provide supplemental briefing and/or evidence in support of its motion as described below.

(1) In its complaint, J&J asserts that the television program that was illegally intercepted and exhibited was a boxing program, featuring a fight between Manny Pacquiao and Marco Antonio Barrera but also including "under-card bouts." Compl. ¶ 9. J&J's investigator, Gary Gravelyn, states in his affidavit that he viewed a boxing match between Steve Forbes

1  and Francisco Bojado. *See* Gravelyn Aff. at 1. J&J shall provide evidence establishing that
2  the Forbes-Bojado match was part of the boxing program at issue.

3  (2)  In its papers, J&J asserts that Mr. Martinez could have obtained the program only if he had
4  contracted with J&J for the rights to show the program. J&J shall provide evidence
5  establishing that the program could not have been innocently or accidentally intercepted.
6  *See, e.g.*, *J&J Sports Prods., Inc. v. Montecinos*, No. C-09-02604 JSW (EDL), 2009 U.S.
7  Dist. LEXIS 122709, at *3 (N.D. Cal. Dec. 17, 2009) (report and recommendation) (referring
8  to a declaration submitted by plaintiff stating that its programming could not be innocently or
9  accidentally intercepted).

10 (3)  In its complaint, J&J asserts that the illegal conduct took place on October 6, 2007. *See*
11 Compl. ¶ 9. Mr. Gravelyn's affidavit indicates the same. *See* Gravelyn Aff. at 1. J&J,
12 however, did not file suit until October 2, 2007 – *i.e.*, almost two years later. *See* Docket No.
13 1 (complaint). For the § 605 claim, there appears to be a one-year statute of limitations.[1] *See*
14 *DirecTV, Inc. v. Webb*, 545 F.3d 837, 847-48 (9th Cir. 2008) (noting that "§ 605 does not
15 have its own limitations period" and concluding that the district court properly "determined
16 that the California Piracy Act, which has a one-year statute of limitations, was most closely
17 analogous to § 605); *J&J Sports Prods., Inc. v. Pacis*, No. C 08-00326 JW, 2008 U.S. Dist.
18 LEXIS 104375, at *4-7 (N.D. Cal. Dec. 15, 2008) (concluding, based on *DirecTV*, that
19 plaintiff's § 605 claim was untimely because it was filed approximately two years after
20 plaintiff's investigator witnessed the alleged unlawful conduct), *adopted* by 2010 U.S. Dist.
21 LEXIS 1812 (N.D. Cal. Jan. 11, 2010). J&J shall provide supplemental briefing as to
22 whether its § 605 claim is time barred.

---

[1] In contrast, the conversion claim appears to have a three-year statute of limitations. *See* Cal. Code Civ. Proc. § 338(c) (providing for a three-year limitations period for "[a]n action for taking, detaining, or injuring any goods or chattels, including actions for the specific recovery of personal property"); *Bono v. Clark*, 103 Cal. App. 4th 1409, 1432 (2002) (stating that there was a three-year statute of limitations for plaintiff's claim of conversion pursuant to § 338(c).

(4) In its papers, J&J claims that Mr. Martinez would have been required to pay $800 to J&J if he had ordered the television program from it. *See* Mot. at 15. There does not appear to be any evidence to support this claim. J&J shall provide evidence to support the claim.

(5) In its motion, J&J asks to be awarded $110,000 in statutory damages for the § 650 claim and an additional $800 for the conversion claim. Although some courts have awarded J&J separate damages for these claims, *see, e.g.*, *J&J Sports Prods., Inc. v. Montecinos*, 2009 U.S. Dist. LEXIS 122709, at *19, they have not explained why such an award would not in essence be duplicative. *See also J&J Sports Prods., Inc. v. Guzman*, No. C 08-05469 MHP, 2009 U.S. Dist. LEXIS 32273, at *10 (N.D. Cal. Apr. 16, 2009) (not awarding damages for conversion claim because "J&J has provided no evidence to support its request for damages over and above those awarded for violation of [47 U.S.C.] section 553"); *J&J Sports Prods., Inc.*, No. C-08-00324 RMW, 2008 U.S. Dist. LEXIS 95137, at *8 (N.D. Cal. Nov. 13, 2008) (noting that "J&J's papers make no explanation for why it is entitled to damages for conversion of its programming on top of the violation of federal law"). J&J shall provide supplemental briefing as to why an award on both claims would not be duplicative.

The supplemental papers shall be filed with the Court, and served on Mr. Martinez, within one week of the date of this order.

J&J shall serve a copy of this order on Mr. Martinez within three days of the date of this order.

IT IS SO ORDERED.

Dated: January 19, 2010

_____
EDWARD M. CHEN
United States Magistrate Judge

3